**Victor CARRASCO, Petitioner— Appellant,**

v.

**A.K. SCRIBNER; et al., Respondents— Appellees.**

No. 05–55153.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 28, 2007.

Filed May 1, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Victor Carrasco, Corcoran, CA, pro se.

Jerald L. Brainin, Esq., Los Angeles, CA, for Petitioner–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Anthony Da Silva, Esq., Atty. Gen., AGCA—Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before: KLEINFELD, FISHER, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Victor Carrasco pled guilty to assault with a deadly weapon by a prisoner. He appeals the district court's denial of his petition for habeas corpus. Carrasco's principal argument is that his counsel was ineffective.

Under *Hill v. Lockhart*, "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."[1] Assuming without deciding that the failure of Carrasco's attorney to identify, locate, and interview the inmate witnesses who later submitted affidavits and declarations fell "below an objective standard of reasonableness,"[2] Carrasco's claim fails because he cannot establish prejudice. Although the record demonstrates that Carrasco was reluctant to plead guilty, it does not show that he would not have done so had his lawyer interviewed the inmates.

In *Hill v. Lockhart*, the Supreme Court explained that "[i]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he

2. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

would not have pleaded guilty and would have insisted on going to trial."[3] The Court elaborated on this standard, saying that "where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather then go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea."[4]

Before the plea, Carrasco's counsel spoke to at least two inmate witnesses (Carrasco's co-defendants) about the fight. He knew that both Carrasco and Hallman maintained that they both were helping, not attacking, Mesa. And he thought that Carrasco had a good case. His recommendation to accept the plea agreement was primarily based on his opinion that it was not worth risking 30 years to life by going to trial (as opposed to a ceiling of 17 years under the plea agreement). Carrasco took this advice because "he felt he had to take the plea or he would be facing a 'worse outcome.' "[5]

There is not a "reasonable probability" that interviewing the other inmate witnesses (whose later affidavits and declarations said the same thing as the inmates the lawyer had already spoke with) would have made Carrasco's counsel think his case so much stronger that it would be worth risking a 30 to life sentence. Nor is there a "reasonable probability" that Carrasco would have insisted on going to trial over his counsel's recommendation.

The California Court of Appeal found that the statement made by the victim Luis Mesa (that Carrasco did not attack him) lacked credibility.[6] There is no evidence that Carrasco's attorney would have concluded otherwise. At the least, Carrasco has not established that there is a "reasonable probability" his lawyer—persuaded that a jury would likely find the testimony of the victim and other inmates credible when weighed against the testimony of the prison guard—would have recommended proceeding to trial.[7] Accordingly, we reject Carrasco's challenge on this ground.

None of the other grounds on which Carrasco bases his appeal are substantial, and we agree with the district court's disposition of them.

AFFIRMED.

---

3. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

4. *Id.*

5. *People v. Carrasco*, Nos. D037124, D038789, D039780, 2002 WL 1747549, at *5 (Cal.Ct. App. July 29, 2002). We are bound by this finding of fact absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1).

6. *People v. Carrasco*, Nos. D037124, D038789, D039780, 2002 WL 1747549, at *16 (Cal.Ct. App. July 29, 2002). *See* 28 U.S.C. § 2254(e)(1).

7. The California Court of Appeal found that the prison guard testified that he saw all four inmates attacking Mesa. *See People v. Carrasco*, Nos. D037124, D038789, D039780, 2002 WL 1747549, at *2 (Cal.Ct.App. July 29, 2002). Although there is some dispute in the record about what the guard actually saw, the petitioner has not established by clear and convincing evidence that the court's finding was erroneous. *See* 28 U.S.C. § 2254(e)(1).